No. 13-1266 – *State of West Virginia v. Virgil Eugene Shrader*

**FILED**

November 25, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Benjamin, Justice, dissenting:

At the heart of this case is the plea agreement entered into by the State and the petitioner, Virgil Eugene Shrader. In exchange for Mr. Shrader's nolo contendere plea to one count of sexual abuse in the first degree,[1] the State dismissed the remaining six counts of sexual abuse in the first degree. However, pursuant to the plea agreement, upon successfully completing conditions set by the trial court, including the requirement that Mr. Shrader receive sex offender treatment, Mr. Shrader would be permitted to withdraw the plea, and the State would dismiss the charges against him. The trial court agreed to defer adjudication of guilt for five years.

---

[1] Sexual abuse in the first degree, described in W. Va. Code § 61-8B-7 (2006), is a felony. W. Va. Code § 61-8B-7(a) states:

> A person is guilty of sexual abuse in the first degree when:
> (1) Such person subjects another person to sexual contact without their consent, and the lack of consent results from forcible compulsion; or
> (2) Such person subjects another person to sexual contact who is physically helpless; or
> (3) Such person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old.

1

I am disturbed by the suspect nature of this plea agreement. The majority aptly recognizes that there is no procedural basis in our jurisprudence for it. Nevertheless, even though the majority finds the plea agreement to be wholly unsound, it proceeds to evaluate whether Mr. Shrader complied with the conditions of the agreement, concluding that Mr. Shrader satisfied the agreement's terms. The majority then orders that Mr. Shrader be released from incarceration and that the charges of first degree sexual abuse—all of the six charges against him—be dismissed. That is distressing.

Just as I disagree with the majority's decision to review whether Mr. Shrader complied with the terms of the substantially flawed plea agreement, I question the precedent the Court now establishes in doing so. The majority characterizes "the work in this case, all the way around, . . . as sloppy." But what incentive do prosecutors, trial courts, and defendants have to comply with the law regarding plea agreements if this Court will overlook major deficiencies contained therein and enforce such agreements?

Simply stated, it is poor policy to enforce unsound plea agreements. This case illustrates why. Here, Mr. Shrader entered a no contest plea to first degree sexual abuse of a child.[2] The majority recognizes that Mr. Shrader repeatedly "denied that he had committed any inappropriate sexual acts toward the alleged victim." A primary issue in this case involved whether Mr. Shrader was required to acknowledge that he had

---

[2] Mr. Shrader was also indicted on five additional counts of first degree sexual abuse.

sexually abused the victim—a child. Ultimately, the majority states that despite repeatedly denying that he had sexually abused the victim, Mr. Shrader finally "acknowledged responsibility for the crime with which he was charged." In other words, Mr. Shrader admitted, before the trial court, that he sexually abused a child.[3] Yet the majority orders that Mr. Shrader be released from incarceration and that the charges against him be dropped. As a result, this admitted sex offender—whose "treatment," at best, raises a suspicious eyebrow—will not be required to register as such, and his movement will not be restricted in any way by the law. The evidence presented below establishes that Mr. Shrader poses a danger to the public, especially children. I disagree with the majority's decision to release Mr. Shrader and dismiss the charges against him. Therefore, I respectfully dissent.

---

[3] This Court recently recognized, "There can be little debate that sexual assault of a minor is profoundly tragic. Children are the most vulnerable of victims, suffering traumatic and frequently life-long physical and emotional damage." *State v. George K.*, 233 W. Va. 698, ___, 760 S.E.2d 512, 525 (2014) (quoting *State v. Goff*, 203 W. Va. 516, 522, 509 S.E.2d 557, 563 (1998)).